## United States Trust Co., Inc., et al. v. Lee.

(Decided March 25, 1938.)

TILFORD & WETHERBY for appellant.

DODD & DODD and WILLIAM S. HEIDENBERG for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

This appeal involves the construction of a trust deed executed in May, 1923, by Hannah M. Lee, designated as party of the first part, and her husband, Robert Clinton Lee, party of the second part, grantors, and the United States Trust Company of Louisville, Kentucky, a corporation, as trustee, party of third part, grantee.

Hannah M. Lee and Robert Clinton Lee had become estranged and separated in March, 1923, at which time Hannah M. Lee was the owner, or claiming to be the owner, of certain real estate in the city of Louisville, situated at 1138 South Third street. The deed to the property was in the name of Hannah M. Lee, but, for some reason not disclosed in the record, Robert Clinton Lee was disputing her ownership of the property, and to adjust their respective alleged claims to the property they entered into a written contract which was followed by and incorporated in the trust deed in question, conveying the property to the trust company, as trustee, for the use and benefit of their three children, whose ages were at the time of the execution of the deed nine, eleven, and thirteen years, respctively.

Pursuant to a power granted by the deed, the trustee sold the real estate conveyed to it for the sum of $16,000 and invested the proceeds in government bonds, the corpus of which is now in the hands of the trustee, which funds constitutes the subject of this controversy.

After the youngest of the said children attained

the age of twenty-one years, the three children, all of whom were single, assigned to their mother, Hannah M. Lee, all their rights, title, and interest in and to the trust property. Whereupon Hannah M. Lee, claiming that the trust had terminated, demanded of the trustee a settlement of the trust account and that it turn over to her the trust property. The trustee refused her request, claiming that by the terms of the deed the trust had not nor could not terminate until after her death. In May, 1936, Hannah M. Lee brought this suit in equity for a declaration of rights of the parties and prayed that she be adjudged the owner of the trust property. She named as party defendants the trust company as trustee, and the three children, Hannah Linda Lee, Robert Clinton Lee, Jr., and Sara Elizabeth Lee. Plaintiff's husband, Robert Clinton Lee, died intestate in February, 1934, and the record does not disclose that any administrator or other personal representative was appointed for him, and his estate, if any he claimed in the trust property, is not involved in this suit.

The chancellor construed the deed and held and adjudged that, when the youngest of the three children attained the age of twenty-one years, and the children, all of whom were then sui juris, having assigned their interest in the trust fund to Hannah M. Lee, their mother, the trust had served its purpose. He terminated the trust and granted the relief prayed in the petition, and to reverse that judgment the trust company has prosecuted this appeal.

As we have indicated above, the question to be determined is whether the trust had served its purpose when the youngest of the three children attained the age of twenty-one years, or whether it is a continuing one during the lifetime of Hannah M. Lee.

If the trust deed be construed paragraph by paragraph, or sentence by sentence, it appears to be ambiguous or somewhat contradictory, and, therefore, resort must be had to the fundamental rule that an ambiguous instrument will not be construed per parcelle, but as a whole.

In the habendum clause of the deed which seems to clearly set out the intention of the parties, we find this language:

"To have and to hold said premises, with the ap-

purtenances thereunto belonging, *for and during the minority of the said children of first and second parties, and until the youngest of said children arrives at the age of twenty one years.* \* \* \*" (Our italics.)

In another paragraph of the deed, after setting out the method and manner of payment of the net income received from the trust property, appears this language:

"The above mentioned payments shall be made with the beginning of said trust deed by first party herein and continue until the youngest of said children becomes twenty one years of age."

However, following the above sentence appears this sentence:

"At that time if first party be still living said payments shall continue until her death."

The last sentence quoted is stressed by appellant, trustee, in support of its contention that the trust is to continue until the death of first party, Hannah M. Lee. It may be conceded that that sentence is apparently contradictory to the preceding sentences. However, the next sentence appearing in the same paragraph provides, in substance, that, in the event of the death of Hannah M. Lee before the youngest of said children becomes twenty-one years of age, the payments provided in the deed shall be made to second party, Robert Clinton Lee, "\* \* \* until the youngest of said children becomes twenty one years of age at which time said property and all rents and income which may not have been applied toward the maintenance and education of said children shall be equally divided between them," again indicating that the trust was to terminate when the youngest child attained its majority. The sixth paragraph provides that, if the death of the first party occurs subsequent to the time the youngest child becomes twenty-one years of age, the property and all undistributed income shall be divided among said children.

The seventh paragraph provides that, in the event of the death of any of said children without lawful issue before *attaining the age of twenty-one years,* then all right, title, and interest in and to the property of the one or ones who may predecease the others shall pass to and become the property of the survivor or survivors upon the terms and conditions of the trust deed. The

eighth paragraph provides that, in the event that either of the said children die leaving lawful issue surviving, such issue shall inherit the right, title, and interest of the parent of such child or children. It will be noticed that the words "before attaining the age of twenty one years" appearing in paragraph 7 do not appear in paragraph 8, and once these two paragraphs are read separately they are somewhat confusing. In order to harmonize these two paragraphs, we interpret paragraph 8 to mean that if either of the said children die *before attaining the age of twenty-one years*, leaving lawful issue surviving, Bean v. Bean, 271 Ky. 403, 112 S. W. (2d) 70. We think this interpretation is supported by the fact that the general trend of the deed clearly indicates that the time of distribution of the property was intended to be when the youngest of the three said children attained the age of twenty-one years. And, further, paragraph 8, standing alone, might indicate that the children of the grantors took only a life estate with remainder to their children, which would conflict with the general trend of the instrument as a whole, which clearly indicates that, when the youngest of the three children attains the age of twenty-one years, the estate should be distributed and divided between them. And this is particularly true in view of paragraph 6, which provides, if the death of first party occurs subsequent to the time the youngest child attains the age of twenty-one years, the property shall be divided among the children and vest in them absolutely.

In the last and concluding paragraph of the deed, it is provided that, in the event all of said children die before the time of *distribution of* the estate and without leaving lawful issue surviving them, or any of them, then the corpus of said trust fund shall pass to the second party (Robert Clinton Lee) or to his estate, if he be dead.

It is the contention of appellant that the time of *distribution* is at the death of Hannah M. Lee. But, as we have indicated, we think the time of distribution was to be when the youngest child attained its majority, and, therefore, the last clause of the deed is eliminated so far as it may have any bearing upon the issue involved.

It is thus seen that, while certain clauses and sentences contained in the body of the instrument are ap-

parently conflicting, yet we think the intention of the parties was made clear by the language contained in the habendum clause, viz., "for and during the minority of the children of the first and second parties and until the youngest of said children arrives at the age of twenty one years." And it is seen that in other parts of the deed it is provided in various clauses and sentences that the trust payments, etc., are to continue until the youngest of said children becomes twenty-one years of age.

If it had been the intention of the party grantors to create a trust to continue during the lifetime of Hannah M. Lee, evidently they would have used language clearly indicating such intention instead of emphasizing and repeating throughout the whole instrument that the trust, payments, etc., were to continue until the youngest of said children was twenty-one years of age.

It is our view that it was the intention of the party grantors to create a trust for the benefit of their infant children to continue until the youngest of them attained its majority. The children being sui juris, they had the right to relinquish their interest in the trust by assigning it to their mother, as they did, and she then became invested with the title thereto. Conceding, without deciding, that the trust did not terminate ipso facto when the youngest of said children attained his majority, yet, the trust having served its purpose, the interested parties had the right to terminate it. In Thomas v. Harkness, 13 Bush. 23, 76 Ky. 23, 28, it is said:

"The trust having been called into existence simply and only on account of the existing necessity, it would seem that when the necessity ceased the trust should cease also."

In the present case, it is clear that the trust was created for the benefit of the infant children of the creators of the trust, and, it appearing that the trust was to exist only until the youngest of the said children attained its majority, at that time it became a dry trust and the necessity for it ceased to exist. See, also, Perry on Trusts, vol. 2, secs. 920 and 920a; Woolley v. Preston, 82 Ky. 415, 421; Fidelity & Columbia Trust Co. v. Williams, 268 Ky. 671, 105 S. W. (2d) 814.

The judgment of the chancellor being in harmony with our views, it is affirmed.