### CITIZENS FIDELITY BANK & TRUST COMPANY, Appellant,

v.

### Charles E. McNEAL et al., Appellees.

Court of Appeals of Kentucky.

May 20, 1955.

Charles I. Dawson, Louisville, for appellant.

Arthur W. Grafton, Louisville, for appellees.

MONTGOMERY, Judge.

This action was instituted by Charles E. and Jane Aley McNeal, husband and wife, and C. R. Aley, father of Jane Aley McNeal and statutory guardian for Sarah Aley Poythress McNeal and Darby Aley Poythress McNeal, unmarried infants, and also

as representative of any unborn children of Jane Aley McNeal, against the Citizens Fidelity Bank & Trust Company, as trustee under a trust created by said C. R. Aley and Jane Aley and Charles E. McNeal. A declaration of rights and a decree in accordance therewith were sought concerning the power of the appellant to sell for reinvestment a portion of the real estate constituting the corpus of the trust.

The trust agreement was set out in a written document dated June 1, 1946, between C. R. Aley, designated therein as the settlor, and William R. Cobb, designated therein as the trustee. At the time of the execution of the trust agreement, C. R. Aley, a widower, executed and delivered to the trustee under the trust instrument a conveyance for certain real estate in which he owned an undivided one-half interest, the other undivided one-half interest belonging to his daughter, Jane Aley McNeal. On June 17, 1946, Jane Aley McNeal and her husband conveyed to the trustee the other undivided one-half interest in certain real estate, the deed providing that the land so conveyed should constitute a part of the trust estate created by the trust instrument.

William R. Cobb resigned as trustee due to ill health, and as provided in said instrument, appellant succeeded him as trustee.

The pertinent part of the trust instrument reads as follows:

"Witnesseth:

"The Settlor, for the purpose of creating the trust hereinafter set forth * * * has conveyed and does hereby convey to the Trustee the real estate and personalty described in the schedule hereto attached marked 'Exhibit A' and hereby made a part hereof, to be held by the Trustee upon and subject to the following trusts:

"(a) As long as Jane A. McNeal, daughter of the Settlor, shall live and shall desire to use and occupy as her home the real estate mentioned in Exhibit A hereto and shall keep and maintain the improvements upon said premises in good order and repair and keep the same insured against loss by fire, windstorm, or other casualty to its full insurable value, and shall pay all taxes assessed against the same, and the grounds around said improvements shall be kept in good order and well cared for, the Trustee shall permit the said Jane A. McNeal and her family to use, enjoy and occupy said premises without charge, and, from and after the death of the said Jane A. McNeal and until the youngest child of hers continuing to survive shall have attained the age of twenty-five (25) years, the Trustee may permit said premises to be used, enjoyed and occupied by the children from time to time living of the said Jane A. McNeal as their home, upon the same terms and conditions as to the payment of the expenses of said premises, including maintenance, insurance and taxes, provided the child or children then of age of the said Jane A. McNeal or the person having custody and control of any minor child or children of the said Jane A. McNeal shall wish to so occupy and enjoy said premises as a home for any child or children of the said Jane A. McNeal.

"(b) The Trustee shall sell all or any part of the real estate mentioned in Exhibit A under the powers hereinafter set forth, and shall invest and reinvest the proceeds thereof under the powers hereinafter set forth, whenever any one of the following events shall occur:

"(1) if the said Jane A. McNeal during her lifetime, or after her death if the children of hers then having the right of election to reside on said premises or their guardian, shall notify the Trustee in writing that she or they no longer desire to use and occupy said premises * * *"

By paragraph (c), provision was made for the payment to Jane Aley McNeal during her lifetime, and thereafter to her surviving husband and then to her children, of income "derived from securities or other

income-producing property at any time a part of the trust assets." Other clauses of the instrument are not material on the issue involved except the specific power given the trustee in paragraph (g) (1) to sell or exchange any of the trust property "all for such prices and upon such terms and conditions as may to him seem advisable."

The real estate constituting the corpus of the estate is located on U..S. Highway 60 between Louisville and Lexington and about four miles east of the city limits of Louisville, with a frontage on the highway of approximately 1100 feet and extending south therefrom at approximately the same width a distance of 3000 feet. The land was formerly a portion of the farm of Mrs. Sallie A. Hert, now deceased, and the 70-acre tract constituting the trust estate was conveyed by her jointly to her brother, C. R. Aley, and to her niece, Jane Aley McNeal, who, in turn, conveyed it to the trust. The property is within the subdivision area of Louisville.

The lands are naturally divided into two tracts, one of approximately 10 acres constituting the south end of the real estate, and the other, 60 acres. On the 10-acre tract, there is located a country home, which at the time of the execution of the trust and the filing of this action was occupied by the appellee, Jane Aley McNeal, her husband, and her two infant children. This tract is landscaped and is served by a driveway leading south from Highway 60 and also by a driveway leading west from Hurstbourne Lane, which intersects Highway 60 at the extreme eastern boundary of the original Hert tract and some distance east of the eastern boundary of the 70-acre tract. The 60-acre tract is farm land and produces a rental of $500 a year, which income is insufficient to pay the ad valorem taxes on the entire property, much less the insurance and maintenance. This tract is located in the middle of a large tract of land owned by LeRoy Highbaugh and son, LeRoy Highbaugh, Jr., the prospective purchasers of this tract. The 60 acres, because of its proximity to the rapidly developing eastern suburbs of Louisville, has a relatively high market value as the site of potential subdivision development.

The Highbaughs own the surrounding acreage, which is the remainder of the original Hert tract, and reside in the residence formerly occupied by Mrs. Hert. The Highbaugh residence and the residence on the 10-acre tract are only a short distance apart and in plain view of each other, and the grounds immediately surrounding the two residences merge into each other without any fencing or shrubbery separating them.

The Highbaughs submitted an offer to the trustee for the purchase of the 60-acre tract for a total consideration of $150,000. About the time of the submission of the Highbaugh offer, appellee, Jane Aley McNeal, claiming to act under the provisions of paragraph (b) (1) of the trust instrument, gave written notice to the trustee that she had never used or occupied the 60 acres of the trust estate as a home and did not intend to do so; but desired to have that 60 acres sold to the Highbaughs under their offer, retaining for the use and occupancy of herself and her family under the terms of the trust instrument the 10-acre tract and the home located thereon. She further notified the trustee that in event her request to sell the 60-acre tract could not be complied with and only in that event, she did not desire to occupy longer any part of the 70 acres or the house located thereon and requested that all of same be sold.

This action was then instituted to determine the power of the trustee to comply with the request of the appellee, Jane Aley McNeal, to sell only a portion of the real estate leaving her in the occupancy of the remainder, and also the adequacy of the price offered for the 60 acres and the propriety of accepting the terms of such offer. The Chancellor determined that the trustee had the power to sell less than the 70 acres, leaving the remainder thereof for the occupancy of Jane Aley McNeal and her family, that the price was adequate, that the terms of payment were fair and reasonable, and that the security for the

deferred payments was adequate. A decree directing the sale to the Highbaughs for the consideration and upon the terms thereof was rendered.

The only question to be determined by this appeal is whether the trustee may sell less than all of the real estate upon request of Jane Aley McNeal made as provided in paragraph (b) (1) of the trust instrument.

Appellant does not question the judgment of the Chancellor as to the adequacy of the price or the reasonableness and propriety of the terms of the sale. It contends that there is an inconsistency in the language of the trust instrument, giving rise to a question as to whether the trustee may sell less than all of the real estate under certain conditions.

The real estate conveyed by the trust agreement was described in a schedule marked "Exhibit A". The schedule necessarily contained all of the real estate. Reference was made in paragraph (a) to "the real estate mentioned in Exhibit A hereto" in such a manner that all the real estate was intended, so it is argued. Three times in said paragraph the phrase "said premises" was used, and it is urged that each reference was intended for all of the "real estate mentioned in Exhibit A" and not to a part thereof. Again in paragraph (b) (1) and (2), the phrase "said premises" was used in the same manner. Appellant contends that this use of the expression "said premises" was synonymous with all "the real estate mentioned in Exhibit A" and not a part thereof and that this meaning should be attached throughout its use in the instrument.

█ It was the duty of the Chancellor to construe the trust agreement so as to effect the obvious purpose of the settlor as gained from the language employed, read in the light of contemporary circumstances, the object to be accomplished and all other attendant facts within the knowledge of the parties. Zinsmeister's Trustee v. Long, 250 Ky. 50, 61 S.W.2d 887; Lindenberger v. Kentucky Title Trust Co., 270 Ky. 579, 110 S.W.2d 301; United States Trust Co., Inc., v. Lee, 272 Ky. 821, 115 S.W.2d 314; Clay v. Crawford, 298 Ky. 654, 183 S.W.2d 797; and First National Bank & Trust Co. of Lexington v. Purcell, Ky., 244 S.W.2d 458.

This trust was created by a father and his daughter, joint owners of the real estate, for the benefit of the daughter, her husband, and her children. The purposes of the trust are set forth in paragraphs (a) and (c), from which it is seen that the dual object is to provide a home for the named beneficiaries and income for them. Paragraph (b) requires the trustee to "sell all or any part of the real estate mentioned in Exhibit A" upon the happening of any of five events enumerated in the subparagraphs thereof, including the notification by Jane Aley McNeal to the trustee that she no longer desired to use and occupy the premises and desired a sale thereof. In this paragraph, the phrase "said premises" is used in connection with the direction to sell "all or any part of the real estate mentioned in Exhibit A" in such a way as to negative the interpretation that it referred only to all of the real estate.

The repeated references in paragraphs (a) and (b) to "said premises" do not necessarily mean all the real estate, since a reading of these paragraphs discloses a reference to a use of the premises as a home and to a duty to keep and maintain the improvements in good order and repair and insured against loss by fire, windstorm, or other casualty. The grounds around said improvements are required to be kept in good order. All of these would seem to be references to the residence improvements and grounds surrounding same on the 10-acre tract rather than the unimproved 60-acre tract of farm land. The uncontradicted testimony is that only the 10-acre tract had ever been occupied as a home by the beneficiary both before and after the creation of the trust.

█ Looking at the instrument as a whole in the light of attendant circumstances and the obvious intent of the settlor, the apparent ambiguity urged by appellant evaporates. The dual purpose of the trust

is accomplished by the sale of the 60-acre tract with the proceeds to be reinvested for income and by the retention of the 10-acre tract as a home for the beneficiaries. This construction of the trust agreement is in accord with the broad powers given the trustee by paragraph (g) (1) to sell or exchange any property at any time.

The decree of the Chancellor was correct in its entirety, and judgment is affirmed.