RENDERED: JULY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1046-MR

RICHARD WEST                                                    APPELLANT

v.
APPEAL FROM CALLOWAY CIRCUIT COURT
HONORABLE ANDREA L. MOORE, JUDGE
ACTION NO. 20-CI-00351

DAVID PERLOW, AS EXECUTOR
OF THE ESTATE OF W.P. WEST
AND TOMMY WEST                                                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN,
JUDGES.

THOMPSON, CHIEF JUDGE: Richard West (Appellant) appeals from an order

of the Calloway Circuit Court denying his motion for summary judgment and

granting the motion of Tommy West (Appellee) for partial summary judgment.

Appellant argues that the circuit court did not use the correct standard in

considering the motions for summary judgment, and that the court erred in

determining that certain real estate was transferred into a revocable rather than irrevocable trust. He also maintains that the settlor of the two trusts, W.P. West (Mr. West), as well as the Estate of Mr. West and Appellee, breached various duties to Appellant in the distribution of the real estate. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant and Appellee are the sons of Mr. West and his first wife. After his first wife died, Mr. West began a relationship with Janet McMillian, whom he later married. In 2004, and in anticipation of his marriage to Ms. McMillian, Mr. West consulted with his attorney, Hon. Sid Easley, to prepare trusts and an antenuptial agreement. To carry out Mr. West's estate planning, Mr. Easley drafted documents called the W.P. West Irrevocable Trust and the W.P. West Trust. The latter of these trusts was revocable. We will refer to these instruments as the Irrevocable Trust and the Revocable Trust. Mr. West executed both trusts on April 6, 2004, though Appellant would later argue that the signatures on the Revocable Trust were facsimiles rather than original signatures.

When the trusts were drafted, Mr. West owned 379 acres of farmland consisting of several individual tracts. On April 29, 2004, he transferred title to each of the individual tracts from himself, as grantor, to the "W.P. West Trust,"

*i.e.*, the Revocable Trust.  On that same date, he executed the antenuptial agreement.

In 2014, Mr. West revoked the Revocable Trust.  At the same time, he transferred the deeds of the individual tracts of farmland from the Revocable Trust, as grantor, to himself in his individual capacity as grantee.  He also executed a Last Will and Testament (the will) addressing the disposition of his assets upon his death.

Mr. West died in 2020.  Pursuant to the terms of his will, the 379 acres of farmland was distributed to Appellee, and his intangible property, including checking and savings accounts, was transferred to Appellant.  On December 21, 2020, Appellant filed the instant action in Calloway Circuit Court against David Perlow as Executor of the Estate of W.P. West, and Appellee.  The complaint alleged that Appellee improperly influenced Mr. West – who was at the time 85 years old and infirmed – to enter into the trusts and will to Appellant's detriment.  The complaint also alleged that Appellee engaged in fraud by making false representations to Mr. West in order to procure a favorable distribution of Mr. West's estate.  Appellant sought a declaratory judgment and injunctive relief.

The matter proceeded in Calloway Circuit Court for more than 3 years, with the filing of first and second amended complaints and discovery being conducted.  In the second amended complaint, Appellant abandoned his claim of

undue influence. The second amended complaint challenged the legitimacy of the Revocable Trust and asserted entitlement to a correct distribution of assets under the Irrevocable Trust. As part of his claim of entitlement to a distribution of assets under the Irrevocable Trust, Appellant alleged that Mr. West and Appellee breached their fiduciary duties under the Irrevocable Trust.

On April 23, 2023, Appellant filed a motion for summary judgment, arguing that only the Irrevocable Trust was valid and enforceable. The following day, Appellee filed a motion for partial summary judgment.[1] In support of that motion, Appellee argued that there were no genuine issues of material fact as to Mr. West's transfer of the farmland from himself to the Revocable Trust, and that as such, Mr. West was entitled to revoke that trust and distribute his estate according to his will.

On August 2, 2024, the Calloway Circuit Court rendered an order granting Appellee's motion for partial summary judgment and denying Appellant's motion for summary judgment. As a basis for the order, the circuit court determined in relevant part that the deeds were originally transferred from Mr. West to the W.P. West Trust as grantee, clearly evincing Mr. West's intent to transfer those titles to the Revocable Trust and not the Irrevocable Trust. Because

---

[1] The motion sought summary judgment on the sole issue of whether Mr. West transferred his real estate to the Revocable Trust.

the Revocable Trust held title to the deeds, the court found that Mr. West had the authority to revoke that trust and transfer the parcels back to himself in his individual capacity. The court determined that, at the time of Mr. West's death, the farmland was properly distributed under the will and not via the Revocable Trust or Irrevocable Trust.

The court acknowledged that Appellant's expert witness, Doug Cobb, opined that the signatures of Mr. West and the notary were copied and pasted into the Revocable Trust from the original signatures on the Irrevocable Trust. The court did not find, however, that this claim, if true, invalidated the Revocable Trust nor overcame Mr. West's clear intent to create and fund the Revocable Trust. Finally, the court found as persuasive the testimony of Mr. Easley's legal assistant, Pam Hendrick, who testified in deposition that Mr. Easley created both trusts so that Mr. West could choose the one he wanted to fund. The court found no genuine issue of material fact as to the disposition of the farmland and granted Appellee's motion on that basis. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Calloway Circuit Court erred in granting Appellee's motion for partial summary judgment and denying his motion for summary judgment. He asserts that the circuit court improperly considered parol evidence to determine Mr. West's intent, including the testimony of Ms. Hendrick and Mr. West's second wife, Janet West. The focus of his claim of error is that the Calloway Circuit Court improperly failed to conclude that the farm property is an asset of the Irrevocable Trust. He maintains that Mr. West did not execute the

Revocable Trust; that the deeds purporting to convey the property to the Revocable Trust are null and void; and, that the portion of his will pertaining to the farm property are also null and void. In support of the arguments, Appellant points to evidence obtained from Mr. Easley's computer regarding the chronology of the document creation; a schedule created by Mr. Easley listing the parcels as part of the Irrevocable Trust; and, a billing record for the Irrevocable Trust.

Appellant goes on to argue that Mr. West breached his fiduciary duties to the Irrevocable Trust and to Appellant by improperly removing the farm property from the Irrevocable Trust. Finally, Appellant contends that the Estate and Appellee breached their duties to the Irrevocable Trust and Appellant by prohibiting Appellant from accessing and using the property. He requests an opinion reversing the order on appeal.

Appellant's arguments can be distilled to two primary issues. First is the question of whether Mr. West properly executed the Revocable Trust. Appellant asserts that it was not properly executed because the signatures of Mr. West and the notary are facsimiles of actual signatures copied from the Irrevocable Trust signature page. If the Revocable Trust was properly executed, the second question is whether Mr. West transferred the farmland to the Revocable Trust or Irrevocable Trust. If Mr. West transferred the farmland to the Revocable Trust, as found by the circuit court and argued by Appellee, then his revocation of the

Revocable Trust allowed the farmland to be distributed according to Mr. West's will at the time of his death.

In its order disposing of the parties' motions for summary judgment and partial summary judgment, the Calloway Circuit Court noted the report of Appellant's expert witness, Mr. Cobb, who opined that the signatures on the Revocable Trust were copied and pasted from the signatures on the Irrevocable Trust. The court made no finding as to whether the signatures at issue were original or facsimiles. Rather, it found that Mr. West intended to give effect to the Revocable Trust, evinced by his transfer of the farmland to the "W.P. West Trust," *i.e.*, the Revocable Trust, and the uncontested testimony of Janet West and Ms. Hendrick that Mr. West chose to utilize the Revocable Trust rather than Irrevocable Trust.

A trust should be construed "so as to effect the obvious purpose of the settlor as gained from the language employed, read in the light of contemporary circumstances, the object to be accomplished and all other attendant facts within the knowledge of the parties." *Citizens Fidelity Bank & Tr. Co. v. McNeal*, 279 S.W.2d 751, 754 (Ky. 1955) (citations omitted). Here, the circuit court construed the Revocable Trust to give effect to Mr. West's "obvious purpose" in light of all of the circumstances and the object to be accomplished. *Id*. It did not conclude that the signatures on the Revocable Trust, even if they were facsimiles, rendered

the Revocable Trust void. Appellant has cited no case law holding that the facsimile signature of a settlor renders the trust void. Further, Appellant has not alleged that Mr. West was defrauded by the purported facsimile signatures. We find no basis for concluding that the Calloway Circuit Court erred in determining that the Revocable Trust was properly executed.

Having found no error in the circuit court's conclusion that the Revocable Trust was properly executed, the next question is whether the circuit court correctly determined that Mr. West transferred title to the farmland from himself in his individual capacity to the Revocable Trust. We must answer this question in the affirmative. Copies of the deeds at issue are found in the circuit court record, among other places, beginning at p.793. Each deed expressly states that, "GRANTOR, W.P. WEST, . . . herein conveys to the W.P. WEST TRUST, dated April 6, 2004, W.P. WEST, TRUSTEE, GRANTEE, the following described tract or parcel of land . . . ." (Emphasis in original.) The W.P. West Trust, also located in the circuit court record, was expressly drafted as a revocable trust. The deeds and the W.P. West Trust are not ambiguous, and are subject to but one interpretation.

In his written argument, Appellant contends that the deeds to the parcels were transferred to the Irrevocable Trust rather than the Revocable Trust. This claim is based on the Irrevocable Trust document located on Mr. Easley's

computer, a bill for services rendered from Mr. Easley to Mr. West referencing the Irrevocable Trust, and a schedule appended to the Irrevocable Trust setting out a description of each parcel to be included in that trust. Though Mr. West executed the Irrevocable Trust document, he did not transfer the deeds to the Irrevocable Trust. Thus, it matters not that the Irrevocable Trust document was located on Mr. Easley's computer, that he billed Mr. West, nor that the schedule of real estate assets was appended to it. Mr. West never funded the Irrevocable Trust. We know this with certainty by examination of the deeds.

Appellant also directs our attention to *Ladd v. Ladd*, 323 S.W.3d 772 (Ky. App. 2010), which holds that a settlor who names himself as trustee of a revocable living trust may transfer property to the trust without a separate instrument. *Ladd*, however, is distinguishable from the instant facts, as the question before the *Ladd* court was disposition of personal property not conveyed to the trust by separate instruments. The settlor in *Ladd* conveyed the real property to the trust by way of separate instruments, just as Mr. West conveyed the farmland to the Revocable Trust via separate instruments. *Ladd* does not stand for the proposition that real estate may be transferred to a trust without deeds of conveyance.

Appellant goes on to argue that the circuit court erred in considering parole evidence, *i.e.*, the testimony of Ms. Hendrick and Janet West, to determine

-10-

Mr. West's intent. As Mr. West's intent can be determined with certainty from the deeds transferring his farmland to the W.P. West Trust, we hold as harmless the circuit court's consideration of extrinsic evidence.

Lastly, Appellant argues that Mr. West, Mr. Perlow as Executor, and Appellee violated their fiduciary duties to Appellant via their distribution of the real estate at issue. This argument is premised on Appellant's contention that Mr. West transferred the real estate to the Irrevocable Trust, and that Mr. West and the appellees failed to make a proper distribution of the farmland as required by the Irrevocable Trust. Having determined that the real estate was transferred to the Revocable Trust rather than the Irrevocable Trust, we conclude that the circuit court properly held that Mr. West, Mr. Perlow, and Appellee did not violate their fiduciary duties as to Appellant.

## CONCLUSION

Mr. Easley drafted two trusts for Mr. West – one revocable and the other irrevocable. The deeds conclusively demonstrate that Mr. West transferred his farmland to the Revocable Trust. As such, Mr. West was entitled to revoke that trust; to transfer title of the realty to himself in his individual capacity; and, to direct that the Executor distribute his estate in accordance with his will. The Calloway Circuit Court properly so found. There are no genuine issues of material fact and the circuit court correctly determined that Appellee was entitled to partial

summary judgment as a matter of law.  For these reasons, we affirm the order of the Calloway Circuit Court denying Appellant's motion for summary judgment, and granting Appellee's motion for partial summary judgment.

ALL CONCUR.


BRIEFS FOR APPELLANT:

James A. Sigler
James P. Landry
Paducah, Kentucky

BRIEF FOR APPELLEES:

Gary R. Haverstock
Murray, Kentucky